Turley, J.
delivered the opinion of the court.
Plaintiff in error entered a quarter section of land in the *159 Ocoee District, under the provisions of the Act of 1837, chap. 2, session acts 5. Upon this tract of land some improvements had been previously made by Jeremiah Jones, the defendant, who claimed compensation therefor, under the 10th section of said act. Defendant was an occupant of another quarter section adjoining the section entered by plaintiff, and had secured the same under the provisions of the act in favor of occupant settlers. Commissioners were appointed by the Entry-Taker of the District, to assess the value of the improvements made by the defendant upon the quarter section entered by the plaintiff, who fixed the amount at $405. The award thus made by the commissioners under the act, was removed upon the petition of the plaintiff by a writ of certiorari into the Circuit Court of Hamilton county, where the matters in dispute were submitted to a jury, who found a verdict for the defendant in error, for the sum of three hundred and forty dollars, for which amount judgment was rendered. Plaintiff in error moved the court for a new trial, and based his application upon the affidavits of two of the jurors, which states in substance, that the jury not being-able to agree upon a particular amount as the value of the improvements, it was proposed by some of the jurors, that each juror should place the amount he was willing to give upon paper, that the highest and lowest should be added together and divided by twelve, that this was done and the result was the amount of the verdict, that the experiment gave a much larger sum than had been expected by the affiants and some others of the jury, but that the balance of the jurors wished them to stand to the proposition, which they agreed to, though much dissatisfied and believing the amount to be excessive. The court overruled the motion for a new trial and thereupon the plaintiff moved an arrest of judgment, which was also overruled and an appeal in the nature of a writ of error was thereupon prosecuted to this court.
Two questions are made: 1st. Ought a new trial to have been granted on the affidavits of the two jurors who were dissatisfied with the verdict. We think not. This court has repeatedly had occasion to comment upon the danger of setting-aside verdicts upon the affidavits of jurors, and to declare that *160 it will be done only in extraordinary cases, and then with great caution. Upon the branch of this subject connected with this case, the court said in the case of Baker vs. Bennett “that a jury shall not agree amongst themselves that each shall specify the amount for which he is willing to find a verdict, divide the whole by twelve, and return the sum thus produced as the amount of their deliberations, because it is in the nature of gambling for a verdict, and places it in the power of one juror to malte the amount unreasonably great or small.” Yet in that case a new trial was refused because the court was of opinion that no such agreement had been made, the proposition being to resort to this mode of proceeding with the view to ascertain what the amount would be, and then whether it would be satisfactory to the jurors. In ‘ the case of Ellidge vs. Todd, 1 Hum. Rep. 43, the affidavit of one of the jurors declared the fact that the jurors never could have agreed upon the verdict returned but for the fact of having previously agreed that each member of the jury should set down a sum, that the several sums should be then added together, the aggregate divided by twelve and the result be their verdict. This the court held to be within the principle laid down in Baker vs. Bennett, or gambling lor a verdict, and reversed the judgment and granted a new trial.
The result of these cases is that a jury may malte the experiment with a view to ascertain what the amount will be, and if the amount produced give satisfaction, they may return it as their verdict; but that they cannot agree before the amount is ascertained that they will abide by it, and if they do, it is an error for which a new trial will be granted. Now, under which category does this case fall? Clearly under the first. There was no agreement that the amount to be ascertained in the mode prescribed should be the verdict; on the contrary, the affidavit states that it was resorted to as an experiment, and from which, of course, any juror might and ought to have repented if dissatisfied therewith, without fear of being accused by his fellow jurors of having violated an agreement. We will here say for the benefit of jurors, that such agreements are not only illegal, but exceedingly dangerous and improper, and ought never to be resorted to.
*161 2. Ought the judgment to have been arrested? We think not. It is argued for the plaintiff in error, that inasmuch as the defendant had, under the provision of the act, secured to himself a quarter section of land as an occupant enterer, he is not entitled to remuneration for improvements made by him on any other unappropriated land in the district, which might be subsequently entered. This question depends upon the provision of the statute. The fifth section provides that all persons in the actual possession of, and residing upon any piece of vacant and unappropriated land at the time of the passage of the act, or their assignees, shall for the space of three months have priority of entry for one hundred and sixty acres of land, including their dwelling and improvements, provided the same can be done by beginning at one corner of a quarter section and running with the lines thereof. Under this provision the defendant entered the section on which he lived. Section sixth provides that when any person has settled upon vacant land in the Ocoee District and shall have valuable improvements thereon, and shall not enter or transfer the same as provided for in the fifth section, and said improvements shall be entered by any other person, such possession shall not be surrendered until the value of such improvements is paid. Under this section, if the occupant does not choose to enter the land or to sell his right of entry, he is entitled to demand compensation for his improvements from whoever does, before he shall be compelled to surrender the possession.
The tenth section provides “that when any valuable improvements may be entered, which do not under the provision of this act give a preference of entry to the owner thereof, the person or persons so entering such improvements shall pay th©-value thereof to the persons owning the same.” Under this section, persons who have improved vacant land without residing on it, are entitled to compensation from an enterer, although they be no occupants under the statute, and entitled to no preference; that is this case; improvements were made by defendant on a piece of vacant land upon which he did not reside; it has been entered by the plaintiff, and under the express provisions of the statute, he must pay the value thereof. The *162 amount has been assessed by the jury, and we see no legal reason for setting aside the verdict. Let the judgment be affirmed.